IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIE A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   04-3245 |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

CHARLES H. EVANS, U.S. Magistrate Judge:

This case is before the Court on motions for summary judgment filed by the Plaintiff and the Defendant.

## I. BACKGROUND

On September 16, 2002, Plaintiff Julie A. Smith applied for Disability Insurance Benefits pursuant to 42 U.S.C. §§ 416(i) & 423(d).  She alleged that she became disabled on December 26, 2001.  The Plaintiff's claims were denied initially, on reconsideration, and following a hearing before an administrative law judge.   On September 29, 2004, the Appeals Council denied the Plaintiff's request for review of the administrative law judge's decision.  The Court has jurisdiction over this action

pursuant to 42 U.S.C. § 405(g).

The Plaintiff, who has a ninth grade education, alleges that at the time of the hearing, she was a 44-year old woman who has had various medical problems including asthma, chronic obstructive pulmonary disease, depression, fibromyalgia, hepatitis and heart problems. The Plaintiff has previous work experience as a cook, fuel clerk, cashier and assembly line worker.

At the hearing on March 11, 2004, the Plaintiff testified she was 5'9" and weighed 202 pounds. The Plaintiff had gained 70 pounds since December 25, 2001, which she attributes to her medications and her lack of movement.

The Plaintiff alleges she testified that since having radial release surgery on each arm, she has had a constant dull pain in both elbows. She has difficulty raising her arms straight overhead. Moreover, she has constant tingling in her right hand and has trouble with her grip, picking things up, dialing telephones, or using keyboards. The Plaintiff alleges she testified about other problems such as her asthma. She experiences shortness of breath walking from one end of her trailer to another. She has problems bathing because the steam affects her lungs. Moreover, she has frequent migraines and various problems associated with her high blood pressure.      The Plaintiff further alleges she testified about her degenerative disc disease and lower back problems. She also testified regarding problems with her

hips and knees. The Plaintiff stated that she takes a number of medications, including Singulair, Norvasc, Celebrex, Neurontin, Xanax and Ultracets, in addition to puffers, inhalers, nebulizers, Advair, Ventolin, Serevent and Combivent.

The Plaintiff alleges she testified that she drives very little because of back pain and other medical problems. Moreover, she is no longer able to perform many household chores. Some of these tasks now are performed by her husband.

The Plaintiff also testified she has problems performing tasks such as getting dressed, washing her hair and brushing her teeth. During the day, she sits in a comfortable chair with a lambskin cushion. The Plaintiff takes two naps per day and spends her days reading or watching television.

The Plaintiff alleges she testified that she has been on Xanax for her anxiety for almost 20 years. She further stated she could sit for about three hours with her cushion, but could only stand for 10-15 minutes. The Plaintiff testified she could only walk a short distance, such as across the street, without getting out of breath. Moreover, the heaviest thing she can lift is a half gallon of milk.

The Plaintiff notes that Dr. Alex Morris participated as a medical expert by telephone at the hearing. The Plaintiff alleges Dr. Morris never examined her, but merely reviewed the medical records and summarized them for the ALJ. She claims that while Dr. Morris did not believe she met any listed impairment, he

pointed out a number of missing pieces of evidence. The Plaintiff asserts Dr. Morris noted there is a statement of hepatitis, but no supporting evidence. Moreover, there is a diagnosis of fibromyalgia, but no determination of trigger points. Dr. Morris also determined the evidence of peripheral neuropathy is "extraordinarily confusing." The Plaintiff contends Dr. Morris concluded that based on the record, there was no way for him to evaluate the sensory problems.

The Commissioner notes that in May 2002, the Plaintiff was making slow, but consistent progress regarding her arm strength. At that time, she had met all goals pertaining to her right arm with a grip strength of 85 pounds. She was instructed to focus the remainder of her rehabilitation on her left arm. The Commissioner alleges that in July 2002, the Plaintiff reported that therapy had been making her feel significantly better. However, she still needed to take pain medication.

The Commissioner next alleges that in July 2002, the Plaintiff was also seen for a neurological evaluation. She was diagnosed with congenital aberrant vascularization of the hands with vascular insufficiency syndrome. Dr. David M. Peeples, the examining neurologist, opined that the Plaintiff was capable of working, as long as she avoided activities that involved prolonged excessive temperature exposure or continuous vibration.

The Commissioner notes that on October 4, 2002, the Plaintiff was examined

by Ravi Yadava, D.O. The Plaintiff was diagnosed with status post radial nerve decompression surgery, bilateral, left superficial radial neuropathy, and functional impairment. Dr. Yadava opined that the Plaintiff had a successful decompression surgery with residual functional capacity evaluation. He further observed that the Plaintiff demonstrated a level of impairment remarkably disproportionate to her objective physical examination findings.

The Commissioner further notes that on November 7, 2002, Philip S. Budzenski, M.D., conducted a consultative evaluation of the Plaintiff. Dr. Budzenski diagnosed: bilateral chronic lateral epiconylitis; a history of asthma with no medical findings on examination; a history of tobacco abuse in remission; a history of frostbite with minimal residual effects; elevated systolic blood pressure without hypertension; a history of bilateral radial nerve relocation; decreased sensation to pinprick, light touch and vibration in the left thumb, index and long fingers; an allegation of back pain with no clinical findings; and wrist pain symptoms without clinical findings. X-rays showed moderate degenerative disc disease in the lumbar spine. The Plaintiff's grip strength was subjectively normal at 5 out of 5 bilaterally. The Commissioner notes that Dr. Budzenski opined that the Plaintiff was able to perform fine fingering and had a full flexion and extension of all fingers bilaterally. She had a full range of motion in each joint of both hands.

5

The Commissioner notes that on November 22, 2002, the Plaintiff underwent a psychological evaluation with Frank Froman, Ed. D., a clinical psychologist. Dr. Froman diagnosed her with generalized anxiety disorder and assigned a global assessment functioning score of 75. He opined the Plaintiff could perform one and two-step assemblies at a competitive rate and that she was able to relate effectively to coworkers and supervisors. Moreover, the Plaintiff appeared to be able to follow simple instructions and able to withstand the stress associated with typical work. The Commissioner notes that in December 2002, Patricia A. Beers, Ph.D., a state agency psychologist, reviewed the medical evidence of record and opined that the Plaintiff could perform simple one and two-step tasks, and that she was capable of performing substantial gainful activity.

The Commissioner notes that on February 21, 2003, the Plaintiff's treating physician, Dr. Huang, opined that the Plaintiff did not have emotional factors which contributed to the severity of her symptoms. However, Dr. Huang found that the Plaintiff could not tolerate even low stress work, and could not lift even one pound. He opined the Plaintiff could sit for four hours in an eight-hour work day, stand and/or walk for four hours in an eight-hour workday, and did not require periods of rest or lying down.

The Commissioner notes that on June 23, 2003, R. Evan Crandall, M.D.,

evaluated the Plaintiff's complaints of pain in her arms after reviewing her medical records. Dr. Crandall opined that the Plaintiff's symptoms were not typical of carpal tunnel syndrome and recommended that she undergo a cervical MRI and EMG testing to determine if she had cervical radiculopathy.

The Commissioner notes that on September 29, 2003, Ronald Johnson, M.D., evaluated the Plaintiff's complaints of pain. Dr. Johnson diagnosed lower back and neck pain and recommended obtaining an MRI to determine if there was any underlying pathology. Dr. Johnson stated there were inconsistencies during the examination, and that the Plaintiff had recently seen a number of doctors for opiate pain medication. Dr. Johnson found this to be "worrisome." He refused to prescribe more than one week's worth of Ultracet until he had the result of the MRIs. The cervical MRI showed disc bulges with some canal stenosis at C6-7 with no acute abnormality, and the lumbar MRI revealed early degenerative changes with no acute abnormality and mild right foraminal compromise at L4-5. The Commissioner notes that on December 5, 2003 and March 13, 2004, the Plaintiff continued to complain of pain. She was prescribed Neurontin and diagnosed with arthralgia.

The Commissioner notes the medical expert who testified at the hearing, Dr. Morris, stated that based on the examinations of the other doctors, the Plaintiff

would require no limitations on the use of her hands. She would experience subjective discomfort that would improve over time. Dr. Morris also testified there was no medical evidence indicating substantial medical problems due to asthma, chronic obstructive pulmonary disease, depression, fibromyalgia, hepatitis, or heart problems.

The ALJ determined that the Plaintiff is not "disabled" and is therefore not entitled to a period of disability or Disability Insurance Benefits under the Social Security Act. The ALJ further found that the Plaintiff is capable of performing light work and that there are a significant number of jobs in the national economy which she is able to perform.

## II. ANALYSIS

Because the Appeals Council denied review in this case, this Court reviews the ALJ's decision as the Commissioner's final decision. Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005). The Court reviews deferentially the factual findings of the ALJ and will affirm the decision if it is supported by substantial evidence. Id.; 42 U.S.C. § 405(g). "When treating and consulting physicians present conflicting evidence, the ALJ may decide whom to believe, so long as substantial evidence supports that decision." Dixon v. Massanari, 270 F.3d 1171, 1178 (7th Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotations omitted). This Court does not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). "[C]hallenges to the sufficiency of the evidence rarely succeed for the simple reason that the findings of the Commissioner, if they are supported by substantial evidence, are conclusive." Schmidt v. Barnhart, 395 F.3d 737, 744 (7th Cir. 2005) (internal quotations omitted).

The Plaintiff contends there are two major reasons why the decision of the Commissioner is not supported by substantial evidence. First, the ALJ failed to give controlling weight to the treating physician's determination of disability. She asserts Dr. Huang's opinion that she was not able to work due to pain and weakness in her extremities and because of her anxiety should be given controlling weight. The Plaintiff alleges it is inappropriate for the ALJ to substitute Dr. Huang's opinion for that of Dr. Morris, who never examined her, but simply read medical records. Additionally, the Plaintiff claims Dr. Crandall's opinion is unreliable, in that he was a worker's compensation doctor hired by an employer, and who saw the Plaintiff only one time for an adversarial purpose. The Plaintiff contends, moreover, that objective evidence supports Dr. Huang's opinion. She notes that April 2003 lumbar x-rays

ordered by Dr. Huang show "prominent degenerative changes given the patient's age," and "somewhat prominent atherosclerotic vascular disease given the patient's age as well." Moreover, the October 2, 2003 cervical MRI showed disc bulges with some canal stenosis at C6-7 and early degenerative changes and mild foraminal compromise at L4-5. Consequently, the Plaintiff asserts there is ample support in the medical records for Dr. Huang's conclusion that she could not work.

Next, the Plaintiff contends the ALJ discredited her testimony of pain and failed to fully develop the record. Citing Carradine v. Barnhart, 360 F.3d 751, 753 (7th Cir. 2004), the Plaintiff alleges that subjective testimony of pain supported by medical testimony that satisfies the pain standard is sufficient to support a finding of disability. The Plaintiff asserts the ALJ's conclusory observation that her pain symptoms exceed what could reasonably be expected based on the record is insufficient to support his decision. She notes that if the ALJ had specific questions for the treating physician, he could have supplemented the record by sending interrogatories to Dr. Huang.

The Plaintiff contends there is ample evidence in the record to grant immediate benefits without remanding to the ALJ. At the very least, however, the Plaintiff alleges the case should be remanded and the Plaintiff should be sent for further testing.

The Commissioner alleges the ALJ's determination that the Plaintiff could

perform a full range of work despite her impairments was reasonable. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is determined to be disabled only if his "impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives." 42 U.S.C. § 423(d)(2)(A).

The Commissioner alleges the ALJ's finding that the Plaintiff has the residual functional capacity to perform light work in spite of her impairments was reasonable. The applicable regulation notes what constitutes light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

The residual functional capacity, which is a determination based on all of the

11

relevant evidence in the case record, is the most that an individual can do despite her limitations. See 20 C.F.R. § 404.1545. The ALJ is responsible for assessing an individual's residual functional capacity. See 20 C.F.R. § 404.1546©). An individual who can do light work can also do sedentary work. See 20 C.F.R. § 404.1567(b).

The Commissioner notes that the testifying medical expert, Dr. Morris, had the benefit of reviewing all of the medical evidence in the record. Moreover, his opinion was consistent with most of that evidence, including the opinions of the state agency physicians and Dr. Budzenski, the consultative examiner. Consequently, the Commissioner alleges the ALJ's reliance on the testimony of Dr. Morris was reasonable.

As for the Plaintiff's allegation that the ALJ erred in not giving controlling weight to the opinion of her treating physician Dr. Huang, the Commissioner alleges that such opinions are entitled to controlling weight only when they are supported by objective medical evidence and are consistent with substantial evidence in the record. See Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004). Because Dr. Huang's opinion was unsupported by objective medical evidence and was inconsistent with the record, the Commissioner claims that it was properly rejected by the ALJ. Specifically, the Commissioner contends Dr. Huang's findings that the Plaintiff could

not even lift one pound and could not tolerate low stress work were unsupported by the objective evidence. Moreover, his opinion that the Plaintiff could not stand, walk or sit for more than four hours in an eight hour workday was unsupported by the record. Accordingly, the Commissioner alleges the ALJ's rejection of Dr. Huang's opinion was reasonable.

Regarding the Plaintiff's assertion that the ALJ should not have credited the medical expert's opinion over that of her treating physician, the Commissioner notes that it is sometimes appropriate to credit the testimony of the consulting physician. The Seventh Circuit has recognized, "[I]n the end, it is up to the ALJ to decide which doctor to believe–the treating physician who has experience and knowledge of the case, but may be biased, or . . . the consulting physician, who may bring expertise and knowledge of similar cases–subject only to the requirement that the ALJ's decision be supported by substantial evidence." Books v. Chater, 91 F.3d 972, 979 (7th Cir. 1996) (internal quotations omitted).

The Commissioner notes, moreover, that the ALJ did not merely rely on one non-treating physician in rejecting Dr. Huang's opinion. Rather, the ALJ relied on the opinions and findings of many examining and non-examining sources. Accordingly, the Plaintiff's reliance on Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003), wherein the Seventh Circuit held that a contradictory opinion of a non-examining

13

physician is not by itself enough to reject the opinion of the examining physician, is misplaced because there are more than two opinions in the record upon which the ALJ based his decision.

The Commissioner next alleges the Plaintiff's assertion that Dr. Crandall's opinion is not reliable is unsupported. Moreover, there is no need to further develop the record. The ALJ ordered consultative examinations, obtained the testimony of a medical expert and sought the opinions of state agency physicians. The Commissioner contends this evidence was sufficient to support the ALJ's finding that the Plaintiff was not disabled.

The Commissioner next alleges the ALJ correctly found that the Plaintiff's subjective complaints were not entirely credible in that they were inconsistent with what could reasonably be expected, based on the medical evidence of record and the opinion of the medical expert. The ALJ must proffer specific reasons for discounting a claimant's testimony as being less than credible. He cannot merely ignore her testimony or rely solely on a conflict between that testimony and the objective medical evidence as a basis for a negative credibility finding. See Schmidt, 395 F.3d at 746-47. The Commissioner claims the ALJ made sufficient findings in determining that the Plaintiff's complaints were disproportionate to the medical findings. Moreover, Dr. Yadava specifically found that the Plaintiff demonstrated a level of impairment

which was entirely disproportionate to her objective physical examination findings.

The Commissioner next alleges that the Plaintiff's reliance on Carradine is misplaced. The Plaintiff claims the Seventh Circuit in that case held that subjective testimony of pain supported by medical testimony that satisfies the pain standard is itself sufficient to support a finding of disability. See Carradine, 360 F.2d at 753. As the Commissioner notes, however, Carradine differs from this case in that the plaintiff in that case experienced pain which apparently derived from a psychological origin. 360 F.3d at 756. There is no evidence in the record that this Plaintiff had a psychological disorder which caused her to exaggerate her symptoms. Consequently, it was reasonable for the ALJ to consider the lack of objective medical bases for the Plaintiff's complaints in assessing her credibility.

After carefully reviewing the ALJ's decision and the entire record, the Court finds the ALJ's determination that the Plaintiff is not disabled under the Social Security Act is supported by substantial evidence. The ALJ concluded that Dr. Huang's residual functional capacity is not entitled to controlling weight "because it is not supported by the objective medical evidence of record and is inconsistent with the lack of treatment." The ALJ found that, based on the medical evidence in the record and the opinion of Dr. Morris, the Plaintiff's testimony was not "wholly credible" in that her pain symptoms exceeded what could reasonably be expected.

Although not noted in the ALJ's decision, Dr. Yadava's statement that the Plaintiff "demonstrated a level of impairment remarkably disproportionate to her objective physical examination findings" also supports the conclusion that she is not entitled to disability benefits.

The Court agrees with the ALJ's assessment. The testimony of Dr. Morris is particularly probative. While Dr. Morris did not examine the Plaintiff, he did review her medical records and concluded that the Plaintiff would require no limitations on the use of her hands. Dr. Morris also determined there was no medical evidence indicating substantial medical problems due to asthma, chronic obstructive pulmonary disease, fibromyalgia, hepatitis or heart problems. The Court finds that his opinion is consistent with most of the medical evidence.

The Court concludes that the objective medical evidence does not support Dr. Huang's opinion of disability. Specifically, Dr. Huang's findings that the Plaintiff could not even lift one pound and that she could not stand, walk or sit for more than four hours in an eight-hour workday are unsupported by the record.

In short, the ALJ's decision that the Plaintiff is not entitled to a period of disability or disability insurance benefits is supported by substantial evidence. See 42 U.S.C. § 405(g).

Ergo, the Plaintiff's motion for summary judgment (d/e 15) is DENIED.

The Defendant's motion for summary affirmance (d/e 17) is ALLOWED. The Clerk of Court will enter judgment in favor of the Defendant.

ENTER:    November 9, 2005.

    FOR THE COURT:

                                                s/Charles H. Evans
                                              CHARLES H. EVANS
                                   United States Magistrate Judge